## Seals v. Elam et al.

(Decided October 13, 1931.)

486

MARTIN T. KELLY for appellant.

E. N. INGRAM and W. J. STONE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—
Reversing.

This action is a contest for the Republican nomination for the office of councilman from the Third ward of the city of Pineville. The appellant, being unsuccessful in obtaining that nomination in the primary held in August, 1931, filed this contest suit in the Bell circuit court on August 10, 1931. Summons was duly served on

August 14 and answer making up the issues was filed on August 21. During this time, the Bell circuit court was in vacation and it did not convene for its next regular term until September 14. So far as the record shows, the clerk did not notify the judge of the Bell circuit court of the pendency of this action, nor did the judge of the Bell circuit court call said case for trial at any time prior to the convening of the next regular term of the Bell circuit court on September 14, 1931. In the meantime, neither appellant nor appellees took any proof. On the convening of the September term of the Bell circuit court, the regular judge of that court was called away by a serious illness of a member of his family. The special judge who acted in his place declined to take up this contest during the absence of the regular judge. When the regular judge returned to the court, the appellees made a motion that this case be dismissed for want of prosecution, and being of the opinion that the appellant should have begun to take his proof within five days after the issues had been made up, and the appellant having failed to do so, the judge sustained said motion and dismissed the contest, and from that judgment this appeal is prosecuted.

The procedure in contests of primary elections is now regulated by chapter 50 of the Acts of 1930, being section 1550-28 of the 1930 Supplement to the Statutes. After providing the manner in which the contest shall be filed and the summons issued, that section further provides:

"Upon return of said summons properly executed, as herein provided, to the office of the circuit clerk of the county in which said action is pending, it shall be the duty of the clerk of the circuit court to immediately docket said cause and to immediately notify the presiding judge of the circuit court of said county that such contest has been instituted; . . . the judge shall proceed to a trial of said cause within five days after the issue is joined as herein provided. In trying such contests the court shall hear and determine all questions of law and fact without the intervention of a jury and may examine the witnesses orally or require the parties to take the evidence by depositions, in the discretion of the court, or as may be agreed by the parties."

These provisions in the 1930 act are exactly the same as those in the act governing contests of primary elections which was in effect prior to the act of 1930, and which bears the same section number in the 1930 Edition of the Statutes as the 1930 act bears in the 1930 Supplement. The position of the trial judge in the instant case concerning the duty of the contestant to begin taking his proof within five days after the issues are made up finds some support in the case of Lay v. Rose, 177 Ky. 303, 197 S. W. 921; but the language in this Lay case, upon which the action of the trial judge might be rested, was expressly disapproved in the case of Charles v. Flanary, 192 Ky. 511, 233 S. W. 904, 906. In construing the provisions of the law prior to the 1930 act, which are identical, as pointed out above, with the 1930 act, so far as the instant case is concerned, we said: "We have read the statute providing for this character of contest with great care, and fail to find any provision in it which expressly or by implication fixes the time within which either party may take or complete his testimony." The time is prescribed in which the pleadings shall be made up, and it says: " 'The judge shall proceed to a trial of said cause within five days after issue is joined as herein provided'—which latter requirement is necessarily directory. Power is conferred upon the court or judge trying the case to hear the witnesses orally, or require the parties to take proof by deposition, neither of which requirements can be made until a judge is found who is willing to preside at the trial, and, of course, the oral proof cannot be heard except during the trial." After quoting from the law as to the time which each party has to take his proof, which has been somewhat lengthened by the 1930 act, we went on to say: "This provision clearly refers and applies to the hearing of evidence and the introduction of testimony at and during the trial of the case."

On the return of the summons in this case properly executed, it was the duty of the clerk of the Bell circuit court to notify the judge of the court of the pendency of this contest. Neither party to the contest should be prejudiced by the failure of the clerk to so notify the judge. Once notified, it was the duty of the judge to proceed to a trial of the said cause within five days after issue was joined, and if for any reason he fails or is unable to do so, neither party should be prejudiced by his inability or his failure. In the recent case of Humbert v.

Heyburn, 240 Ky. 405, 42 S. W. (2d) —, decided October 9, 1931, we held, in construing the provision of this 1930 act providing that the contestant on filing his contest shall cause summons to be issued returnable in ten days, that the contestant could not be prejudiced in the trial of his contest by the fact that the clerk in issuing the summons made it returnable in twenty days instead of ten days. The Flanary case, supra, distinctly holds that the requirement in the act to the effect that the case shall proceed to trial five days after issue is joined is directory, and that neither party is compelled to begin the taking of his proof until a judge is found who is willing to preside at the trial. This is necessarily so, for until the judge directs how the proof is to be taken, orally or by deposition, the parties are in the dark concerning that question. If the contest be filed in vacation, as was the case here, and the judge for any reason does not call the same for trial prior to the beginning of the next regular term of the court of that circuit, then on the convening of such regular term of that court it is the duty of the contestant, as soon as he can do so, to request the judge to indicate in what manner the proof shall be taken and within what time, and if the contestant fails or neglects to do so, then the contestee may on seasonable motion have the case dismissed for want of prosecution. If the contestant seasonably requests the judge to indicate the manner in which the proof shall be taken and when, or the judge without request so indicates, then it is the duty of the contestant to comply with the ruling of the court. But the contestant cannot be prejudiced in the trial of his cause by the failure of the trial judge to indicate on seasonable request the manner by and time within which the proof is to be taken. In the instant case, the court, being of opinion that the proof should have been taken prior to the convening of the September term of the Bell circuit court, declined to indicate how the proof should be taken, when it should be taken, or when the cause should be tried, but dismissed it for want of prosecution. Contestant, as soon as he was able to do so, endeavored to have these matters decided. The court should have ruled as to how and when the proof should be taken and the cause tried. In dismissing the contest for want of prosecution, he clearly erred.

The judgment is reversed for proceedings consistent with this opinion.

Whole court sitting.